IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOHNSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 4:14cv272 |
| v. | § | |
| | § | |
| WILL TRAVIS, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Christopher Johnson, a pre-trial detainee confined in the Denton County Jail, Denton County, Texas, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered action pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

On July 23, 2014, Plaintiff filed two separate, but related motions. The first is entitled "Plaintiff Exigent Request for Interim Emergent Injunction to Preserve Life and or Limb" (docket entry #11) and the second is entitled "Fed. R. Civ. Proc. Rule 65 Plaintiff Emergent Request for a Temporary Restraining Order" (docket entry #12). The Court construes them together as a single Emergency Motion for a Temporary Restraining Order and/or a Preliminary Injunction. So construed, the Court finds that no emergency exists and no basis for issuing injunctive relief.

**I.   STANDARD**

Under Rule 65 of the Federal Rules of Civil Procedure, "[e]very order granting an injunction and every restraining order must . . . state the reasons why it issued; [ ] state its terms specifically; and [ ] describe in reasonable detail - and not by referring to the complaint or other

1

document - the act or acts restrained or required." Fed. R. Civ. P. 65(d). Plaintiffs seeking injunctive relief must show:

(1) a substantial likelihood of success on the merits,

(2) a substantial threat that plaintiffs will suffer irreparable harm if the injunction is not granted,

(3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and

(4) that the injunction will not disserve the public interest.

*Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). The party seeking an injunction carries the burden of persuasion on all four requirements. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003).

## II. ANALYSIS

The Court first notes that Plaintiff's underlying complaint, docket entry #1, alleges that on February 17, 2014, "at approximately 12 am 3 John and Jane Doe officers entered [his cell] beat him and drug by his restraints him more than 5 yards to a safety cell, and left in restraints approx.. 5 hours." Complaint at PageID #4. Then on February 20, 2014, he alleges that Officer Thomas gave him an "unsanitary food tray with hair in the food" and when Plaintiff pointed this out, the officer had trustees remove the hairs and returned the food tray to Plaintiff while making a race-based comment. *Id*. at PageID #5. Plaintiff repeated that the food was unsanitary and alleges that Officer Thomas then told him he had refused the food. *Id*. Plaintiff alleges he knocked on the door of his cell and called for Corporal Weaver, who did not answer. *Id*. He alleges that Officer J. Lay then came and ordered Plaintiff to place his hands on the back wall of the cell, which he did. *Id*. He then alleges that Officer Lay entered his cell, "goatroped" him

2

with his forearm and slammed him to the floor. *Id*. With three other officers, Plaintiff alleges, Officer Lay struck and kicked him on his face, head and body, causing bleeding. *Id*. Then, he alleges, Officer Lay told another Jailer "to replace the cover on the light in the cell and told [Plaintiff], quote, "Radiation's going to kill you, [racial expletive]." *Id*. at PageID #5-6. He alleges he was then transferred to a "safety cell" in handcuffs where he was left bleeding and in pain for over three hours. *Id*. at PageID #6. He was then taken to an emergency room at 6:50 p.m. *Id*. "Days later," Officer Miller and a John Doe officer approached him in his cell and told him that if he made "any attempt toward a specific 'Caucasian' racist group," mouthing the undisclosed name of the group to him, he "would be murdered as a previous individual leaving Jail before the radiation could kill me." *Id*.

Plaintiff seeks relief in his complaint from the "excessive radiation from ultra-violent radiation from light fixture, egregiously affecting his health now," requesting to see a radiologist or other appropriate doctor "to determine the amount of radiation, damage, and any possible cure/treatments" from the alleged "ultra-violent radiation" exposure. *Id*. at PageID #7. He also seeks unspecified damages, injunctive and declaratory relief from the injuries described in the complaint. *Id*.

Attached to the complaint are two Denton County Detention Facility Inmate Grievance Forms prepared by Plaintiff and answered by Sergeant Cordell. In the first, Plaintiff complains of being exposed to "ultra-violent radiation" by the officers named in the compliant, though he does not specify the relief he sought. He dated the grievance February 21, 2014, but it was date-stamped as received April 7, 2014. Sgt. Cordell noted "This has been addressed previously – back dating your grievance also has <u>no</u> effect on the status as they are date and time stamped when

3

they are received." *Id*. at PageID #9 (emphasis in original). His response was hand-dated "4/7/14." *Id*. The other grievance is dated February 22, 2014, and date-stamped as received on February 24, 2014. *Id*. at PageID #10. In it, Plaintiff complains that on that date, named officers retaliated against him by removing the television from his cell and punched him in the face. *Id*. When he told them that he thought his jaw was already broken, he alleges they responded with expletives. *Id*. He also thought his ankle was possibly broken. *Id*. He alleged the same officers where the ones who hit him on February 20, 2014. *Id*. On March 4, 2014, Sgt. Cordell responded that "Findings are that you refuse to follow and/or comply with orders given by the officers. Only the amount of force necessary to gain compliance has been used. Any medical issues have been addressed by the Medical Department." *Id*.

However, his instant motion for injunctive relief does not relate to any exposure to "ultra-violent[1] radiation," the main issue in the complaint. Instead, he complains that when he was allegedly examined on February 20, 2014, the attending physician ordered an MRI and an "EKG" of his brain "if the pain persisted after two weeks." He complains he has never been offered an MRI, although he contends he has pain in his head and treatment only with Tylenol and similar products. He specifically seeks injunctive relief ordering an MRI and "EKG" of his brain.[2]

---

[1] The nature of this "radiation" cannot be discerned from Plaintiff's pleadings. He appears to believe the radiation started when one jail officer allegedly told another officer to replace a cover on a light in Plaintiff's cell and then allegedly told Plaintiff that he would die of radiation. Whether he believes he is being exposed to ultraviolet radiation, i.e., radiation from the sun, or otherwise is unknown.

[2] He also asserts in the combined motion for injunctive relief that he has "TMJ" (i.e., a temporomandibular joint disorder) from a jaw injury (docket entry #11) and a broken ankle (docket entry #12) but has not received the treatment he alleges that examining doctors have recommended. He does admit that he has received pain medication from medical officials at the

4

First, Plaintiff has not satisfied the requirements of Rule 65, above, in order to obtain injunctive relief at all. He has not addressed any likelihood of success on the merits of his claims to begin with – a perilous proposition at best, given that the main thrust of his underlying complaint is that he is being exposed to "ultra-violent radiation" from a replaced light cover in his cell. He has not shown, or even alleged, a threat of irreparable harm if the injunction is not granted. He has used phrases such as "to preserve life and limb" and "imminent lift threat" in the captions of his combined motion and asks, "Must I first die?" (docket entry #12 at PageID #45), from which the Court can infer that Plaintiff means his health may be irreparably harmed absent the injunctive relief, but he has offered nothing of evidentiary value in support of such a proposition (an issue addressed in greater detail below). He has not addressed at all the third and fourth requirements, a showing that his injury outweighs any damage the injunctive relief may cause the Defendants and that granting the injunctive relief will not disserve the public interest. Plaintiff must carry the burden of persuasion on all four of these factors, *Lake Charles Diesel, Inc.*, 328 F.3d at 196 (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)), but has not done so.

Second, "[t]he plaintiff has the burden of introducing sufficient evidence to justify the grant of a preliminary injunction." *PCI Transp., Inc. v. Fort Worth & Western R. Co.*, 418 F.3d 535, 546 (5th Cir. 2005) (citing *Canal Auth.*, 489 F.2d at 578-79). "If the party requesting the injunction cannot show that factual disputes exist regarding the required elements, and cannot introduce evidence sufficient to justify granting the motion, a hearing on the requested injunctive

---

Denton County Jail, although it is not oxycontin as he alleges was prescribed by an emergency room doctor. He also alleges that he awoke in the emergency room at Denton Regional Hospital on June 21, 2014, "after being uncon[s]cious approx. 9 hours" at which time the emergency room physician again ordered an MRI and an "EKG" of the brain.

relief is unnecessary." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (citing *PCI Transp.*, 418 F.3d at 546). Here, Plaintiff has not provided any objective evidence at all to support any of his medical-related claims or that any tests have even been suggested by medical personnel. His two motions, construed together by this Court, both carry a signed certification at their end that "the foregoing is true and correct every part hereof under penalty of perjury pursuant to 28 U.S.C. § 1746," signed and dated by Plaintiff. Insofar as the motions include factual statements, they are given the evidentiary value of a sworn declaration under penalty of perjury.[3] However, the statements themselves are not "evidence sufficient to justify granting the motion." *Anderson*, 556 F.3d at 360. They are, at best, conclusory statements that Plaintiff believes he is owed an MRI based on what he believes a doctor stated in February 2014. He further muddies the issue by claiming he is also owed an "EKG" of his brain, without further explanation. He has provided absolutely no objective medical evidence, such as an emergency room treatment discharge diagnosis summary or any other medical record, supporting his claim. Accordingly, the motion is unsupported and no evidentiary hearing is necessary. *Id*.

Finally, Plaintiff has characterized his motion as of an "emergency" nature. However, the incident from which it emerges, an alleged attack by jailhouse guards, occurred on February 20, 2014. He did not even file his initial complaint until April 30, 2014. He now seeks injunctive relief in the belief he is owed an MRI and an "EKG" of his brain based on his allegation of what an emergency room physician said in February 2014 and his allegation that he continues to have pain

---

[3] Plaintiff also submitted a statement on May 22, 2014 (docket entry #6), that is nearly identical to the portion of his instant motion contained in docket entry #11. It is equally conclusory and unsupported by any evidence and to the extent it is construed as a separate motion for injunctive relief, it should be denied as moot for the same reasons stated herein applied to the instant combined motion.

in his head. That cannot be properly characterized as an "emergency," especially absent any medical evidence.

Therefore, Plaintiff's combined motion should be denied.

## III. RECOMMENDATION

It is therefore recommended that Plaintiff's combined motion for injunctive relief (docket entries #11 and 12) be **DENIED**. Fed. R. Civ. P. 65. To the extent that Plaintiff's filing at docket entry #6 is construed as another motion for injunctive relief, it should be **DENIED** as **MOOT**. No evidentiary hearing is required. *Anderson*, 556 F.3d at 360.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 28th day of July, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE